```
                                                                    FILED
                                                              February 22, 2023
        IN THE UNITED STATES DISTRICT COURT              CLERK, U.S. DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TEXAS                WESTERN DISTRICT OF TEXAS
                    EL PASO DIVISION                           By:       DT
                                                                              Deputy
```

| UNITED STATES OF AMERICA, | § | **S E A L E D** Case No: EP:23-CR-00350-DCG |
|---|---|---|
| Plaintiff, | § | |
| v. | § | **I N D I C T M E N T** |
|  | § | CT 1: 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute; |
| (2) JOSE ARREDONDO-OLMOS, also known as (a.k.a.): "Manzana;" | § | CT 2: 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute; |
|  | § | CT 3: 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute; |
| Defendant. | § | CT 4: 21:841(a)(1)-Possession with Intent to Distribute a Controlled Substance; |
|  | § | CT 5: 21:841(a)(1)-Possession of a Controlled Substance with Intent to Distribute. |
|  | § | CT 6: 18:371 & 554-Conspiracy to violate |
|  | § | *Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

**COUNT ONE**
(21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)(vi))

That beginning on or about October 1, 2021, up to and including February 15, 2023, in the Western District of Texas, Northern District of Texas, the Republic of Mexico and elsewhere, defendants,

**(2) JOSE ARREDONDO-OLMOS (a.k.a.): "Manzana," and**

Rev. 2016-02-16

knowingly, intentionally, and unlawfully conspired, combined, confederated, agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a Schedule II Controlled Substance, with intent to distribute same, in violation of Title 21, United States Code, Section 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of the mixture or substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| ███████ | 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) | 841(b)(1)(A)(vi) |
| **(2) JOSE ARREDONDO-OLMOS (a.k.a.): "Manzana,"** | 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) | 841(b)(1)(A)(vi) |

Rev. 2016-02-16

| | 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) | 841(b)(1)(A)(vi) |
|---|---|---|

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(21 U.S.C. §§ 846 & 841(a)(1))

That beginning on or about October 1, 2021, up to and including February 15, 2023, in the Western District of Texas, Northern District of Texas, the Republic of Mexico and elsewhere, defendants,

**(2) JOSE ARREDONDO-OLMOS (a.k.a.): "Manzana," and**

knowingly, intentionally, and unlawfully conspired, combined, confederated, agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved methamphetamine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of methamphetamine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

Rev. 2016-02-16

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| ▮▮▮ | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |
| **(2) JOSE ARREDONDO-OLMOS (a.k.a.): "Manzana,"** | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |
| ▮▮▮ | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE
(21 U.S.C. §§ 846 & 841(a)(1))

That beginning on or about October 1, 2021, up to and including February 15, 2023, in the Western District of Texas, Northern District of Texas, the Republic of Mexico and elsewhere, defendants,



**(2) JOSE ARREDONDO-OLMOS,
also known as (a.k.a.): "Manzana," and**

knowingly, intentionally, and unlawfully conspired, combined, confederated, agreed together, and with others to the Grand Jury known and unknown, to commit an offense against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved cocaine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

Rev. 2016-02-16

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of cocaine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| ███████████████ | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 841(b)(1)(A)(ii) |
| (2) JOSE ARREDONDO-OLMOS, also known as (a.k.a.): "Manzana," | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 841(b)(1)(A)(ii) |
| ███████████████ | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 841(b)(1)(A)(ii) |

All in violation of Title 21, United States Code, Section 846.

**COUNT FOUR**
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(ii))

On or about March 1, 2022, in the Western District of Texas, Defendant,

███████████████████████

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

**COUNT FIVE**
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii))

That on or about November 2, 2021, in the Western District of Texas, Defendant,

███████████████████████

Rev. 2016-02-16

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

## COUNT SIX
(18 U.S.C. §§ 371 & 554)

### INTRODUCTION

**At all times relevant to this Indictment:**

1. Effective March 2, 2020, the Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

2. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 et seq.

3. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

4. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

5. Exportation of firearms to Mexico requires a license.

6. Defendants, ███████████████████████████████ ███████████████████████████████ did not have a license, licenses or any authority to export out of or import into the United States firearms.

That beginning on or about October 1, 2022, and continuing through and including on or about October 31, 2022, in the Western District of Texas, and elsewhere, defendant,

███████████████████████████████

knowingly, intentionally, and unlawfully conspired, combined, confederated, agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States,

in violation of Title 18, United States Code, 371, that is, they conspired to:

1. knowingly and willfully export and send and attempt to export and send a firearm from the United States, contrary to Title 22, United States Code, Section 2778 and Tile 22, Code of Federal Regulations, Section 121.1, a law and regulation of the United States, in violation of Title 18, United States Code, Section 554; and

2. knowingly and willfully receive, buy, conceal, and facilitate the transportation and concealment of a firearm prior to exportation, knowing the same to be intended for exportation from the United States, contrary to Title 22, United States Code, Section 2778 and Title 22, Code of Federal Regulations, Section 121.1, a law or regulation of the United States, in violation of Title 18, United States Code, Section 554;

All done in violation of Title18, United States Code, Sections 371 and 554.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objective of the conspiracy, the defendants and their co-conspirators, committed and caused to be committed the following overt acts in the Western District of Texas and elsewhere:

1. On October 4, 2022, agents found ███████████████████████████ in possession of a Hunt Group FD12, 12-Gauge Shotgun, Serial Number 21-BLP33010, Ruger 5.7x28 mm Handgun, Serial Number 642-25814, C.A.I. 7.62x25 mm Handgun, Serial Number OP155, and Magnum Revolver, Serial Number 063207, hereinafter referred to as the SUBJECT FIREARMS. The SUBJECT FIREARMS were intended to be smuggled from the United States into the Republic of Mexico.

2.  coordinated the transportation of the SUBJECT FIREARMS from ███████████████████ ██████████" to unindicted coconspirator-1

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Drug Violation and Forfeiture Statutes

**[Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(vi), 841(b)(1)(A)(viii) and 841(b)(1)(B)(ii) subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]**

As a result of the foregoing criminal violations set forth in Counts One through Five, the United States gives notice to Defendants ▓▓▓▓▓▓▓▓▓▓▓▓ (2) JOSE ARREDONDO-OLMOS, also known as (a.k.a.): "Manzana", ▓▓▓▓▓▓▓▓▓▓▓▓ of its intent to seek the forfeiture of the properties described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which state:

> **Title 21 U.S.C. § 853.  Criminal Forfeitures**
> **(a) Property subject to criminal forfeiture**
>     * * *
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

**II.**
**Violations involving Goods Smuggled to/from the United States and Forfeiture Statutes**
**[Title 18 U.S.C. §§ 371 and 554, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Count Six, the United States of America gives notice to Defendants (▓▓▓▓▓▓▓▓▓▓▓▓ of its intent to seek the forfeiture of the properties described below upon conviction and pursuant to FED. R. CRIM. P. 32.2, Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

> **Title 18 U.S.C. § 981. Civil Forfeiture**
> (a)(1) The following property is subject to forfeiture to the United States:
> ***
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation. . . of this title or any offense constituting "specified unlawful

activity" (as defined in section 1 956(c)(7) of this title), or a conspiracy to commit such offense.

**Title 19 U.S.C. § 1595a. Forfeiture and other penalties**
\* \*\*
**(d) Merchandise exported contrary to law**
Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

Title 18 U.S.C. § 554 Smuggling Goods from the United States is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

The Notice of Demand of Forfeiture includes but is not limited to the properties described in Paragraph III and IV.

### III.
### Properties

1. Hunt Group FD12, 12-Gauge Shotgun, Serial Number 21-BLP33010;
2. Ruger 5.7x28 mm Handgun, Serial Number 642-25814;
3. C.A.I. 7.62x25 mm Handgun, Serial Number OP155;
4. Magnum Revolver, Serial Number 063207;
5. Any and all property, real or personal involved in or used in the commission of the criminal offense; and
6. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

### IV.
### Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Counts One through Six which Defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (2) JOSE ARREDONDO-OLMOS,  also known as

Rev. 2016-02-16

**(a.k.a.): "Manzana",** ███████████████████████████

███████████████████████████ are individually liable.

### Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third person;
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendants up to the value of the forfeitable property.

A TRUE BILL.

███████████████████████████

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
Assistant United States Attorney

Rev. 2016-02-16